UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,

                     Plaintiff,

              v.

HAMILTON COLLEGE AND HAMILTON COLLEGE
BOARD OF TRUSTEES,

                   Defendants.
_____

**ANSWER TO
AMENDED COMPLAINT**

Civil Action No.:
6:17-cv-1202 (MAD/ATB)

Defendant The Board of Trustees of Hamilton College, named herein as Hamilton
College and Hamilton College Board of Trustees ("Defendant," "the College" or "Hamilton")
answers the allegations in Plaintiff's Amended Complaint as follows:

    1.    With respect to the allegations in Paragraph 1 of the Amended Complaint,
ADMITS that Jane Roe filed a complaint alleging that Plaintiff violated the College's Sexual
Misconduct Policy (the "Policy") by engaging in a non-consensual sexual act with her on the
night of January 31, 2014, and the early morning hours of February 1, 2014, and that Hamilton
investigated and adjudicated that complaint pursuant to its policies and procedures, and DENIES
the remaining allegations in said paragraph.

    2.    With respect to the allegations in Paragraph 2 of the Amended Complaint,
ADMITS that four separate female students had filed complaints alleging violations of the Policy
by Plaintiff, and ADMITS that on May 9, 2017, Ms. Magnarelli informed Doe that effective
May 14, 2017, he was no longer permitted to be present on the College's campus, and that the
conferral of Doe's degree was withheld pending the outcome of the four ongoing investigations
of the complaints against him, and further states that the College permitted Doe to complete his

coursework remotely and obtain credit for that coursework, and DENIES the remaining allegations in said paragraph.

3.　　　With respect to the allegations in Paragraph 3 of the Amended Complaint, ADMITS that one complainant withdrew her complaint on May 13, 2017, and ADMITS that one complainant withdrew her complaint on May 15, 2017, and ADMITS that with respect to another complaint, on September 8, 2017, a review panel found that there was no preponderance of evidence to indicate that Doe's actions constituted "non-consensual sexual contact," and DENIES the remaining allegations in said paragraph.

4.　　　With respect to the allegations in Paragraph 4 of the Amended Complaint, ADMITS that on August 23, 2017, a review panel concluded that with respect to a complaint alleging a non-consensual sexual act against Plaintiff, it was "'more likely than not' that the complainant was 'substantially impaired by alcohol,' and unable to 'make informed judgments' or to 'appreciate the nature and quality of the act,'" and ADMITS that on August 28, 2017, Plaintiff was informed that the review panel had found that the preponderance of the evidence did indicate that his actions constituted a "non-consensual sexual act," and DENIES the remaining allegations in said paragraph.

5.　　　With respect to the allegations in Paragraph 5 of the Amended Complaint, ADMITS that the review panel recommended a sanction consisting of a five-year suspension and ADMITS that Terry Martinez, the College's Vice President and Dean of Students, imposed a sanction of expulsion from the College, effective on September 12, 2017, and DENIES the remaining allegations in said paragraph.

6.　　　DENIES the allegations in Paragraph 6 of the Amended Complaint.

7.　　　DENIES the allegations in Paragraph 7 of the Amended Complaint.

3065047.1

8.      Paragraph 8 does not contain factual allegations that require a response, but to the extent a response is required, Defendant DENIES that it violated Title IX of the Education Amendments of 1972, DENIES that it breached any contract, DENIES liability for the state law causes of action alleged by Plaintiff, and DENIES that Plaintiff is entitled to any relief against them.

9.      ADMITS, upon information and belief, the allegations in Paragraph 9 of the Amended Complaint.

10.     With respect to the allegations in Paragraph 10 of the Amended Complaint, ADMITS that the Trustees of Hamilton College (the "College" or "Hamilton") is a corporation chartered by the State of New York and is a private, liberal arts college located in the Town of Kirkland, New York, with an address of 198 College Hill Road, Clinton, New York, and DENIES the remaining allegations in said paragraph.

11.     With respect to the allegations in Paragraph 11 of the Amended Complaint, ADMITS that the Board of Trustees consists of 30 Life Trustees, 24 Charter Trustees and 12 Alumni Trustees, and that it is the governing body of the College, and DENIES the remaining allegations.

12.     Paragraph 12 of the Amended Complaint does not contain factual allegations for which a response is required.

13.     Paragraph 13 of the Amended Complaint contains legal conclusions for which no response is required, but to the extent a response is required, Defendant ADMITS that the Court has jurisdiction over the claims alleged by Plaintiff, but DENIES that Defendant is liable for any of the claims alleged by Plaintiff.

3065047.1

14.    Paragraph 14 of the Amended Complaint contains legal conclusions for which no response is required, but to the extent a response is required, the College ADMITS that the Court has personal jurisdiction over it.

15.    Paragraph 15 of the Amended Complaint contains legal conclusions for which no response is required, but to the extent a response is required, DENIES the allegations in said paragraph because the "Board of Trustees" is not a legal entity that is capable of being sued or being subject to the jurisdiction of any court.

16.    Paragraph 16 of the Amended Complaint contains legal conclusions for which no response is required, but to the extent a response is required, Defendant ADMITS that venue is proper in the United States District Court for the Northern District of New York.

17.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint.

18.    With respect to the allegations in Paragraph 18 of the Amended Complaint, ADMITS that Plaintiff enrolled at Hamilton in the fall of 2013, majored in Government, and that Plaintiff's final GPA was 3.427, and ADMITS that at some point during his time at Hamilton, Plaintiff participated in Student Assembly, Philanthropy Committee and Crew, and DENIES the remaining allegations in said paragraph.

19.    With respect to the allegations in Paragraph 19 of the Amended Complaint, ADMITS that prior to the sexual misconduct complaints referenced in the Amended Complaint, Plaintiff had not been disciplined by the College, and DENIES the remaining allegations in said paragraph.

20.    With respect to the allegations in Paragraph 20 of the Amended Complaint, ADMITS that upon his enrollment, the College provided Plaintiff with certain policies of the

College, including the Sexual Misconduct Policy, the current version of which is available through the College's website, and DENIES the remaining allegations in said paragraph.

21.    With respect to the allegations in Paragraph 21 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents, and DENIES the remaining allegations in said paragraph.

22.    With respect to the allegations in Paragraph 22 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents, and DENIES the remaining allegations in said paragraph.

23.    With respect to the allegations in Paragraph 23 of the Amended Complaint, ADMITS that the Board of Trustees reviewed the Policy and DENIES the remaining allegations in said paragraph.

24.    With respect to the allegations in Paragraph 24 of the Amended Complaint, Defendant states that the Dear Colleague Letter speaks for itself and respectfully refers the Court to the document for its contents.

25.    With respect to the allegations in Paragraph 25 of the Amended Complaint, Defendant states that the Q&A speaks for itself and respectfully refers the Court to the document for its contents.

26.    With respect to the allegations in Paragraph 26 of the Amended Complaint, ADMITS that the Policy was revised in September of 2014, and DENIES the remaining allegations in said paragraph.

27.    With respect to the allegations in Paragraph 27 of the Amended Complaint, ADMITS that the version of the Policy that became effective in September of 2014 followed the "investigation model," and DENIES the remaining allegations in said paragraph.

3065047.1

28.     With respect to the allegations in Paragraph 28 of the Amended Complaint, ADMITS that Meredith Harper Bonham was the College's Title IX Coordinator in September of 2014, and states that the referenced article speaks for itself and respectfully refers the Court to the article for its contents, and DENIES the remaining allegations in said paragraph.

29.     ADMITS the allegations in Paragraph 29 of the Amended Complaint.

30.     With respect to the allegations in Paragraph 30 of the Amended Complaint, Defendant states that the New York States Education Law speaks for itself and respectfully refers the Court to the law for its contents.

31.     With respect to the allegations in Paragraph 31 of the Amended Complaint, Defendant states that the quoted website speaks for itself and respectfully refers the Court to the website for its contents.

32.     With respect to the allegations in Paragraph 32 of the Amended Complaint, Defendant states that the New York States Education Law speaks for itself and respectfully refers the Court to the law for its contents.

33.     With respect to the allegations in Paragraph 33 of the Amended Complaint, Defendant states that the New York States Education Law speaks for itself and respectfully refers the Court to the law for its contents.

34.     With respect to the allegations in Paragraph 34 of the Amended Complaint, Defendant states that the New York States Education Law speaks for itself and respectfully refers the Court to the law for its contents.

35.     ADMITS the allegations in Paragraph 35 of the Amended Complaint.

36.     ADMITS the allegations in Paragraph 36 of the Amended Complaint.

37.     ADMITS the allegations in Paragraph 37 of the Amended Complaint.

3065047.1

38.     With respect to the allegations in Paragraph 38 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

39.     With respect to the allegations in Paragraph 39 of the Amended Complaint, ADMITS that the College uses an "investigation model" to investigate reports of Sexual Misconduct, defined by the Policy to include sexual assault, dating violence, domestic violence, stalking, sexual harassment and/or related retaliatory behavior, and states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents, and DENIES the remaining allegations in said paragraph.

40.     With respect to the allegations in Paragraph 40 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

41.     With respect to the allegations in Paragraph 41 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

42.     With respect to the allegations in Paragraph 42 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

43.     With respect to the allegations in Paragraph 43 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

3065047.1

44.     With respect to the allegations in Paragraph 44 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

45.     With respect to the allegations in Paragraph 45 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

46.     With respect to the allegations in Paragraph 46 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

47.     With respect to the allegations in Paragraph 47 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

48.     With respect to the allegations in Paragraph 48 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

49.     With respect to the allegations in Paragraph 49 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

50.     With respect to the allegations in Paragraph 50 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents, and DENIES the remaining allegations in said paragraph.

3065047.1

51.     With respect to the allegations in Paragraph 51 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

52.     ADMITS the allegations in Paragraph 52 of the Amended Complaint.

53.     With respect to the allegations in Paragraph 53 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

54.     With respect to the allegations in Paragraph 54 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

55.     With respect to the allegations in Paragraph 55 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

56.     With respect to the allegations in Paragraph 56 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

57.     With respect to the allegations in Paragraph 57 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for a full and accurate reading of its contents.

58.     DENIES the allegations in Paragraph 58 of the Amended Complaint.

59.     With respect to the allegations in Paragraph 59 of the Amended Complaint, Defendant states that the referenced press release speaks for itself and respectfully refers the Court to the press release for its contents.

3065047.1

60.     With respect to the allegations in Paragraph 60 of the Amended Complaint, Defendant states that the referenced guidance speaks for itself and respectfully refers the Court to the guidance for its contents.

61.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint.

62.     With respect to the allegations in Paragraph 62 of the Amended Complaint, ADMITS that on November 14, 2014, the College received notice from the Office for Civil Rights of a complaint lodged against it arising from the College's investigation and adjudication of a complaint under the Policy, and ADMITS, upon information and belief, that the matter remains pending, and DENIES the remaining allegations in said paragraph.

63.     With respect to the allegations contained in Paragraph 63 of the Amended Complaint, ADMITS that the College is required to comply with New York State Law, and DENIES the remaining allegations in said paragraph.

64.     DENIES the allegations in Paragraph 64 of the Amended Complaint.

65.     With respect to the allegations in Paragraph 65 of the Amended Complaint, Defendant states that the referenced article speaks for itself and respectfully refers the Court to the article for its contents.

66.     With respect to the allegations in Paragraph 66 of the Amended Complaint, Defendant states that the referenced article speaks for itself and respectfully refers the Court to the article for its contents, and DENIES the remaining allegations in said paragraph.

67.     ADMITS the allegations in Paragraph 67 of the Amended Complaint.

68.     With respect to the allegations in Paragraph 68 of the Amended Complaint, ADMITS that prior to her appointment as Title IX Coordinator at the College in September of

10

2015, Ms. Magnarelli had not served as a Title IX Coordinator, and Defendant further states that the referenced article speaks for itself and respectfully refers the Court to the article for its contents.

69.    With respect to the allegations in Paragraph 69 of the Amended Complaint, ADMITS that Ms. Magnarelli sent the Hamilton Sexual Misconduct Board's annual report for the 2015-2016 academic year to the Hamilton community via electronic mail on or about October 3, 2016, and states that the annual report speaks for itself and respectfully refers the Court to the annual report for its contents.

70.    With respect to the allegations in Paragraph 70 of the Amended Complaint, Defendant states that the annual report speaks for itself and respectfully refers the Court to the annual report for its contents.

71.    DENIES the allegations in Paragraph 71 of the Amended Complaint.

72.    DENIES the allegations in Paragraph 72 of the Amended Complaint.

73.    With respect to the allegations in Paragraph 73 of the Amended Complaint, ADMITS that a Student Assembly meeting was held on October 10, 2016 and that Ms. Magnarelli attended the meeting and addressed sexual misconduct complaints at the College and DENIES the remaining allegations in said paragraph.

74.    With respect to the allegations in Paragraph 74 of the Amended Complaint, ADMITS that Ms. Magnarelli informed the attendees of the student assembly meeting that students found responsible for rape would be expelled from the College, and states that the referenced article speaks for itself and respectfully refers the Court to the article for its contents.

75.    With respect to the allegations in Paragraph 75 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents, and DENIES the remaining allegations in said paragraph.

76.    With respect to the allegations in Paragraph 76 of the Amended Complaint, ADMITS that Ms. Magnarelli informed the attendees of the student assembly meeting that students found responsible for rape would be expelled from the College, and states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

77.    With respect to the allegations in Paragraph 77 of the Amended Complaint, ADMITS that Ms. Magnarelli discussed her intent to improve the College's practices and that she intended to obtain input from SMART, and DENIES the remaining allegations in said paragraph.

78.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Amended Complaint.

79.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Amended Complaint.

80.    DENIES the allegations in Paragraph 80 of the Amended Complaint.

81.    DENIES the allegations in Paragraph 81 of the Amended Complaint.

82.    With respect to the allegations in Paragraph 82 of the Amended Complaint, Defendant states that the referenced article speaks for itself and respectfully refers the Court to the article for its contents.

83.    DENIES the allegations in Paragraph 83 of the Amended Complaint.

84.    DENIES the allegations in Paragraph 84 of the Amended Complaint.

3065047.1

85.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Amended Complaint.

86.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Amended Complaint.

87.    With respect to the allegations in Paragraph 87 of the Amended Complaint, DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations that relate to Doe's conversations with MF, and DENIES the remaining allegations in said paragraph.

88.    With respect to the allegations in Paragraph 88 of the Amended Complaint, ADMITS that Brown filed a complaint pursuant to the Policy alleging that she was the victim of a non-consensual sexual act by Doe, and DENIES the remaining allegations in said paragraph.

89.    With respect to the allegations in Paragraph 89 of the Amended Complaint, ADMITS that Brown filed a complaint pursuant to the Policy alleging that she was the victim of a non-consensual sexual act by Doe, and DENIES the remaining allegations in said paragraph.

90.    With respect to the allegations in Paragraph 90 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

91.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Amended Complaint.

92.    With respect to the allegations in Paragraph 92 of the Amended Complaint, ADMITS that at or around the same time as Brown's complaint against Doe, Miller filed a complaint pursuant to the Policy alleging that she was the victim of a non-consensual sexual act by Doe, and DENIES the remaining allegations in said paragraph.

13

93.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Amended Complaint.

94.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Amended Complaint.

95.    With respect to the allegations in Paragraph 95 of the Amended Complaint, ADMITS that Miller filed a complaint pursuant to the Policy alleging that she was the victim of a non-consensual sexual act by Doe that occurred on February 28, 2015, and DENIES the remaining allegations in said paragraph.

96.    With respect to the allegations in Paragraph 96 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

97.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Amended Complaint.

98.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Amended Complaint.

99.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Amended Complaint.

100.    With respect to the allegations in Paragraph 100 of the Amended Complaint, ADMITS that the College provided written notice to Doe of the complaints of Brown and Miller on April 26, 2017, which written notices included a directive that Doe have no contact with Brown and Miller, and DENIES the remaining allegations in said paragraph.

3065047.1

101.    With respect to the allegations in Paragraph 101 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

102.    DENIES the allegations in Paragraph 102 of the Amended Complaint.

103.    ADMITS the allegations in Paragraph 103 of the Amended Complaint.

104.    With respect to the allegations in Paragraph 104 of the Amended Complaint, ADMITS that Ms. Magnarelli provided Doe with a copy of the Policy as well as a document outlining the procedure contained within the Policy for the investigation of the complaints against Doe, and that during the April 28, 2017 meeting, Ms. Magnarelli discussed with Doe the investigation process, and DENIES the remaining allegations in said paragraph.

105.    DENIES the allegations in Paragraph 105 of the Amended Complaint.

106.    With respect to the allegations in Paragraph 106 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

107.    DENIES the allegations in Paragraph 107 of the Amended Complaint.

108.    DENIES the allegations in Paragraph 108 of the Amended Complaint.

109.    With respect to the allegations in Paragraph 109 of the Amended Complaint, Defendant states that both the referenced law and the Policy speak for themselves and respectfully refers the Court to the law and the Policy for their contents.

110.    With respect to the allegations in Paragraph 110 of the Amended Complaint, Defendant states that both the referenced law and the Policy speak for themselves and respectfully refers the Court to the law and the Policy for their contents, and DENIES the remaining allegations in said paragraph.

15

111.    DENIES the allegations in Paragraph 111 of the Amended Complaint.

112.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Amended Complaint.

113.    With respect to the allegations in Paragraph 113 of the Amended Complaint, ADMITS that Doe reported the incident involving MF to Ms. Magnarelli, and DENIES the remaining allegations in said paragraph.

114.    With respect to the allegations in Paragraph 114 of the Amended Complaint, ADMITS that Ms. Magnarelli met with MF in person and instructed MF not to have further contact with Doe, and subsequently sent an email to MF in which she imposed a no contact directive on MF with respect to Doe, and DENIES the remaining allegations in said paragraph.

115.    DENIES the allegations in Paragraph 115 of the Amended Complaint.

116.    With respect to the allegations in Paragraph 116 of the Amended Complaint, Defendant states that the Code of Student Conduct and the Policy speak for themselves and respectfully refers the Court to the Code and the Policy for their contents.

117.    With respect to the allegations in Paragraph 117 of the Amended Complaint, ADMITS that MF was not charged with a violation of the Code and that no complaint was filed against MF pursuant to the Policy, and DENIES the remaining allegations in said paragraph.

118.    With respect to the allegations in Paragraph 118 of the Amended Complaint, ADMITS that MF was not charged with a violation of the Code, and DENIES the remaining allegations in said paragraph.

119.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Amended Complaint.

3065047.1

120.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Amended Complaint.

121.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Amended Complaint.

122.    With respect to the allegations in Paragraph 122 of the Amended Complaint, ADMITS that Roe filed a complaint pursuant to the Policy alleging that she was the victim of a non-consensual sexual act by Doe that occurred on January 31-February 1, 2014, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

123.    With respect to the allegations in Paragraph 123 of the Amended Complaint, ADMITS that Smith filed a complaint pursuant to the Policy in which she alleged that that she was the victim of a non-consensual sexual act by Doe that occurred on January 19, 2014, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

124.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Amended Complaint.

125.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Amended Complaint.

126.    With respect to the allegations in Paragraph 126 of the Amended Complaint, ADMITS that Ms. Magnarelli knew Smith, and DENIES the remaining allegations in said paragraph.

127.    With respect to the allegations in Paragraph 127 of the Amended Complaint, Defendant states that the referenced messages speak for themselves and respectfully refers the

3065047.1

Court to the messages for their content, and DENIES KNOWLEDGE OR INFORMATION
sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

128.    With respect to the allegations in Paragraph 128 of the Amended Complaint,
ADMITS that Doe was provided written notice of the complaints of Smith and Roe on May 9,
2017, which was 13 days after he received written notice of the complaints of Brown and Miller,
and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of
the remaining allegations in said paragraph.

129.    DENIES the allegations in Paragraph 129 of the Amended Complaint.

130.    With respect to the allegations in Paragraph 130 of the Amended Complaint,
ADMITS that on May 9, 2017, Ms. Magnarelli informed Doe that effective May 14, 2017, he
was no longer permitted to be present on the College's campus, and that the conferral of Doe's
degree was withheld pending the outcome of the four ongoing investigations of the complaints
against him, and further states that the College permitted Doe to complete his coursework
remotely and obtain credit for that coursework, and DENIES the remaining allegations in said
paragraph.

131.    With respect to the allegations in Paragraph 131 of the Amended Complaint,
ADMITS that the interim measure of banning Doe from campus resulted from the filing of four
complaints of violations of the Policy against Doe, and DENIES the remaining allegations in
said paragraph.

132.    With respect to the allegations in Paragraph 132 of the Amended Complaint,
Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy
for its contents.

3065047.1

133.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Amended Complaint.

134.    With respect to the allegations in Paragraph 134 of the Amended Complaint, Defendant states that the law and the Policy speak for themselves and respectfully refers the Court to the law and the Policy for their contents, and DENIES the remaining allegations in said paragraph.

135.    With respect to the allegations in Paragraph 135 of the Amended Complaint, Defendant states that the law and the Policy speak for themselves and respectfully refers the Court to the law and the Policy for their contents, and DENIES the remaining allegations in said paragraph.

136.    DENIES the allegations in Paragraph 136 of the Amended Complaint.

137.    With respect to the allegations in Paragraph 137 of the Amended Complaint, ADMITS that Smith withdrew her complaint against Doe, and DENIES the remaining allegations in said paragraph.

138.    With respect to the allegations in Paragraph 138 of the Amended Complaint, ADMITS that Brown withdrew her complaint against Doe, and DENIES the remaining allegations in said paragraph.

139.    With respect to the allegations in Paragraph 139 of the Amended Complaint, ADMITS that the College did not lift or modify the interim measures following the withdrawal of the complaints of Smith and Brown, and DENIES the remaining allegations in said paragraph.

140.    DENIES the allegations in Paragraph 140 of the Amended Complaint.

3065047.1

141.     With respect to the allegations in Paragraph 141 of the Amended Complaint, Defendant states that the referenced press release speaks for itself and respectfully refers the Court to the press release for its contents.

142.     With respect to the allegations in Paragraph 142 of the Amended Complaint, Defendant states that the referenced press release speaks for itself and respectfully refers the Court to the press release for its contents.

143.     DENIES the allegations in Paragraph 143 of the Amended Complaint.

144.     ADMITS the allegations in Paragraph 144 of the Amended Complaint.

145.     With respect to the allegations in Paragraph 145 of the Amended Complaint, ADMITS that Bober and Mudrick are attorneys with the law firm of Harter, Secrest & Emery, LLP and that they were retained by the College to investigate the complaint filed by Roe against Doe, and states that the remaining allegations in said paragraph states a legal conclusion for which no response is required.

146.     With respect to the allegations in Paragraph 146 of the Amended Complaint, ADMITS that the Investigation Team interviewed Doe on May 22, 2017, via Skype, with his advisor via a conference call, and DENIES the remaining allegations in said paragraph.

147.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Amended Complaint.

148.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Amended Complaint.

149.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Amended Complaint.

3065047.1

150.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Amended Complaint.

151.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Amended Complaint.

152.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 152 of the Amended Complaint.

153.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the Amended Complaint.

154.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the Amended Complaint.

155.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Amended Complaint.

156.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Amended Complaint.

157.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the Amended Complaint.

158.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Amended Complaint.

159.     With respect to the allegations in Paragraph 159 of the Amended Complaint, ADMITS that Doe informed the Investigative Team during his second interview that he believed that Roe's complaint was part of a larger conspiracy involving Smith, Roe and Brown, and DENIES the remaining allegations in said paragraph.

3065047.1

160.    With respect to the allegations in Paragraph 160 of the Amended Complaint, ADMITS that the Investigative Team interviewed MF, and DENIES the remaining allegations in said paragraph.

161.    ADMITS the allegations in Paragraph 161 of the Amended Complaint.

162.    DENIES the allegations in Paragraph 162 of the Amended Complaint.

163.    ADMITS the allegations in Paragraph 163 of the Amended Complaint, but DENIES that the Policy provides for the opportunity to submit questions for the Team to ask witnesses.

164.    With respect to the allegations in Paragraph 164 of the Amended Complaint, ADMITS that Ms. Magnarelli informed Doe and his advisor of the recording and provided Doe and his advisor with a copy of the recording.

165.    DENIES the allegations in Paragraph 165 of the Amended Complaint.

166.    With respect to the allegations in Paragraph 166 of the Amended Complaint, ADMITS that Doe was allowed to review the investigative file, the Investigative Team's initial report, and Roe's written complaint, and DENIES the remaining allegations in said paragraph.

167.    DENIES the allegations in Paragraph 167 of the Amended Complaint.

168.    With respect to the allegations in Paragraph 168 of the Amended Complaint, Defendant states that the summaries of Roe's interviews with the Investigative Team speaks for itself and respectfully refers the Court to the summaries for a full and accurate reading of their content.

169.    With respect to the allegations in Paragraph 169 of the Amended Complaint, Defendant states that the Investigative Team's report speaks for itself and respectfully refers the Court to the report for a full and accurate reading of its contents.

3065047.1

170.    With respect to the allegations in Paragraph 170 of the Amended Complaint, Defendant states that Roe's written complaint and the summaries of Roe's interviews with the Investigative Team speak for themselves and respectfully refers the Court to the complaint and the summaries for a full and accurate reading of their contents.

171.    With respect to the allegations in Paragraph 171 of the Amended Complaint, Defendant states that the Investigative Team's report, including the summaries of witness interviews attached thereto, speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

172.    With respect to the allegations in Paragraph 172 of the Amended Complaint, Defendant states that the summaries of Roe's interviews with the Investigative Team speak for themselves and respectfully refers the Court to the summaries for a full and accurate reading of their contents.

173.    With respect to the allegations in Paragraph 173 of the Amended Complaint, Defendant states that the Investigative Team's report, including the summaries of witness interviews attached thereto, speaks for itself and respectfully refers the Court to the report for its contents.

174.    With respect to the allegations in Paragraph 174 of the Amended Complaint, Defendant states that the Investigative Team's report, including the summaries of Roe's interviews attached thereto, speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

175.    With respect to the allegations in Paragraph 175 of the Amended Complaint, Defendant states that the Investigative Team's report, including the summaries of witness

23

interviews attached thereto, speaks for itself and respectfully refers the Court to the report for its contents.

176.    With respect to the allegations in Paragraph 176 of the Amended Complaint, Defendant states that the Investigative Team's report, including the summaries of witness interviews attached thereto, speaks for itself and respectfully refers the Court to the report for its contents.

177.    With respect to the allegations in Paragraph 177 of the Amended Complaint, Defendant states that the Investigative Team's report, including the summaries of witness interviews attached thereto, speaks for itself and respectfully refers the Court to the report for its contents.

178.    With respect to the allegations in Paragraph 178 of the Amended Complaint, Defendant states that the Investigative Team's report, including the summaries of witness interviews and copies of text messages attached thereto, speaks for itself and respectfully refers the Court to the report for its contents.

179.    DENIES the allegations in Paragraph 179 of the Amended Complaint.

180.    DENIES the allegations in Paragraph 180 of the Amended Complaint.

181.    DENIES the allegations in Paragraph 181 of the Amended Complaint.

182.    With respect to the allegations in Paragraph 182 of the Amended Complaint, Defendant states that the Investigative Team's report, including the summaries of Roe's interviews attached thereto, speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

183.    DENIES the allegations in Paragraph 183 of the Amended Complaint.

24

3065047.1

184.    With respect to the allegations in Paragraph 184 of the Amended Complaint, Defendant states that the Investigative Team's report speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

185.    With respect to the allegations in Paragraph 185 of the Amended Complaint, Defendant states that the Investigative Team's report, speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

186.    DENIES the allegations in Paragraph 186 of the Amended Complaint.

187.    DENIES the allegations in Paragraph 187 of the Amended Complaint.

188.    With respect to the allegations in Paragraph 188 of the Amended Complaint, ADMITS that Doe submitted a response to the Investigative Team's initial report, and states that the response speaks for itself and respectfully refers the Court to the response for its contents.

189.    With respect to the allegations in Paragraph 189 of the Amended Complaint, ADMITS that the Investigative Team provided its final report to the Review Panel on or around August 18, 2017, and states that the initial and final reports speak for themselves and respectfully refers the Court to the reports for a full and accurate reading of their contents.

190.    With respect to the allegations in Paragraph 190 of the Amended Complaint, ADMITS that the Review Panel inquired as to whether Doe wanted to include the recording in the record of the investigation, and ADMITS that the Review Panel did not interview Doe or Roe, and DENIES the remaining allegations in said paragraph.

191.    With respect to the allegations in Paragraph 191 of the Amended Complaint, ADMITS that the Review Panel found that a preponderance of the evidence supported a finding that Doe had committed a non-consensual sexual act against Roe in violation of the Policy, and

3065047.1

states that the decision of the Review Panel speaks for itself and respectfully refers the Court to the decision for its contents, and DENIES the remaining allegations in said paragraph.

192.    With respect to the allegations in Paragraph 192 of the Amended Complaint, ADMITS that the Review Panel did not interview the witnesses who were interviewed by the Investigative Team, and DENIES the remaining allegations in said paragraph.

193.    With respect to the allegations in Paragraph 193 of the Amended Complaint, ADMITS that the Policy did not provide Doe the right to cross-examine witnesses, and DENIES the remaining allegations in said paragraph.

194.    DENIES the allegations in Paragraph 194 of the Amended Complaint.

195.    DENIES the allegations in Paragraph 195 of the Amended Complaint.

196.    DENIES the allegations in Paragraph 196 of the Amended Complaint.

197.    DENIES the allegations in Paragraph 197 of the Amended Complaint.

198.    With respect to the allegations in Paragraph 198 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

199.    With respect to the allegations in Paragraph 199 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

200.    DENIES the allegations in Paragraph 200 of the Amended Complaint.

201.    With respect to the allegations in Paragraph 201 of the Amended Complaint, Defendant states that the summaries of Roe's interviews with the Investigative Team speak for themselves and respectfully refers the Court to the summaries for a full and accurate reading of their contents.

26

3065047.1

202.    DENIES the allegations in Paragraph 202 of the Amended Complaint.

203.    DENIES the allegations in Paragraph 203 of the Amended Complaint.

204.    ADMITS the allegations in Paragraph 204 of the Amended Complaint.

205.    ADMITS the allegations in Paragraph 205 of the Amended Complaint.

206.    ADMITS the allegations in Paragraph 206 of the Amended Complaint.

207.    With respect to the allegations in Paragraph 207 of the Amended Complaint, ADMITS that on September 7, 2017, the Review Panel reviewing the complaint made against Doe by Miller found that there was no preponderance of evidence to indicate that Doe's actions constituted non-consensual sexual contact.

208.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 208 of the Amended Complaint.

209.    With respect to the allegations in Paragraph 209 of the Amended Complaint, Defendant states that the Review Panel's sanction recommendations speaks for itself and respectfully refers the Court to the recommendation for a full and accurate reading of its contents.

210.    DENIES the allegations in Paragraph 210 of the Amended Complaint.

211.    With respect to the allegations in Paragraph 211 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

212.    With respect to the allegations in Paragraph 212 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents, and DENIES the remaining allegations in said paragraph.

27

3065047.1

213.    With respect to the allegations in Paragraph 213 of the Amended Complaint, Defendant states that the annual report and Dean Martinez's sanctioning decision speak for themselves and respectfully refers the Court to the report and decision for a full and accurate reading of their contents.

214.    DENIES the allegations in Paragraph 214 of the Amended Complaint.

215.    With respect to the allegations in Paragraph 215 of the Amended Complaint, ADMITS that during the 2016-2017 academic year, eight formal complaints were investigated pursuant to the Policy, that of those eight complaints, four respondents were found to be responsible, and that all four respondents were sanctioned with expulsion from the College, and that two students were expelled from the College, and DENIES the remaining allegations in said paragraph.

216.    ADMITS the allegations in Paragraph 216 of the Amended Complaint.

217.    DENIES the allegations in Paragraph 217 of the Amended Complaint.

218.    With respect to the allegations in Paragraph 218 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

219.    ADMITS the allegations in Paragraph 219 of the Amended Complaint.

220.    ADMITS the allegations in Paragraph 220 of the Amended Complaint.

221.    ADMITS the allegations in Paragraph 221 of the Amended Complaint.

222.    With respect to the allegations in Paragraph 222 of the Amended Complaint, ADMITS that the College permitted Doe to complete his coursework and earn credits therefor, and DENIES the remaining allegations in said paragraph.

3065047.1

223.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 223 of the Amended Complaint.

224.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 224 of the Amended Complaint that relate to Doe's emotional, psychological and physical distress, but DENIES that Defendant is liable to Doe for any damages.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* Erroneous Outcome and Unjustly Severe Penalty

225.    Defendant responds to the inclusive allegations of Paragraph 225 consistent with the responses set forth above.

226.    With respect to the allegations in Paragraph 226 of the Amended Complaint, Defendant states that the statute speaks for itself and respectfully refers the Court to the statute for its contents.

227.    With respect to the allegations in Paragraph 227 of the Amended Complaint, Defendant states that the statute speaks for itself and respectfully refers the Court to the statute for its contents, and ADMITS that Title IX applies to Hamilton College.

228.    With respect to the allegations in Paragraph 228 of the Amended Complaint, Defendant states that the statute speaks for itself and respectfully refers the Court to the statute for its contents.

229.    DENIES the allegations in Paragraph 229 of the Amended Complaint.

230.    With respect to the allegations in Paragraph 230 of the Amended Complaint, Defendant states that the referenced regulations speak for themselves and respectfully refers the Court to the regulations for their content.

3065047.1

231.     With respect to the allegations in Paragraph 231 of the Amended Complaint,

Defendant states that the referenced regulations speak for themselves and respectfully refers the

Court to the regulations for their content.

232.     DENIES the allegations in Paragraph 232 of the Amended Complaint.

233.     DENIES the allegations in Paragraph 233 of the Amended Complaint.

234.     DENIES the allegations in Paragraph 234 of the Amended Complaint.

235.     DENIES the allegations in Paragraph 235 of the Amended Complaint.

236.     DENIES the allegations in Paragraph 236 of the Amended Complaint.

237.     With respect to the allegations in Paragraph 237 of the Amended Complaint,

Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy

for its contents.

238.     DENIES the allegations in Paragraph 238 of the Amended Complaint.

239.     DENIES the allegations in Paragraph 239 of the Amended Complaint.

240.     ADMITS the allegations in Paragraph 240 of the Amended Complaint.

241.     DENIES the allegations in Paragraph 241 of the Amended Complaint.

242.     DENIES the allegations in Paragraph 242 of the Amended Complaint.

243.     DENIES the allegations in Paragraph 243 of the Amended Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION

### Breach of Contract

244.     Defendant responds to the inclusive allegations of Paragraph 244 consistent with

the responses set forth above.

245.     With respect to the allegations in Paragraph 245 of the Amended Complaint,

ADMITS that Doe applied and enrolled at Hamilton and that in connection with his application

3065047.1

and enrollment, Doe paid tuition and other expenses and DENIES the remaining allegations in said paragraph.

246.    Paragraph 246 of the Amended Complaint states a legal conclusion for which no response is required, but to the extent a response is required, Defendant DENIES the allegations in said paragraph.

247.    Paragraph 247 of the Amended Complaint states a legal conclusion for which no response is required, but to the extent a response is required, Defendant DENIES the allegations in said paragraph.

248.    DENIES the allegations in Paragraph 248 of the Amended Complaint.

249.    DENIES the allegations in Paragraph 249 of the Amended Complaint.

250.    With respect to the allegations in Paragraph 250 of the Amended Complaint, Defendant states that the referenced regulations and guidance and the Policy speak for themselves and respectfully refers the Court to the regulations, guidance and Policy for their contents.

251.    DENIES the allegations in Paragraph 251 of the Amended Complaint.

252.    DENIES the allegations in Paragraph 252 of the Amended Complaint.

253.    DENIES the allegations in Paragraph 253 of the Amended Complaint.

254.    DENIES the allegations in Paragraph 254 of the Amended Complaint.

255.    DENIES the allegations in Paragraph 255 of the Amended Complaint.

256.    With respect to the allegations in Paragraph 256 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

257.    DENIES the allegations in Paragraph 257 of the Amended Complaint.

3065047.1

258.     With respect to the allegations in Paragraph 258 of the Amended Complaint, Defendant states that the decision of the Review Panel speaks for itself and respectfully refers the Court to the decision for its contents.

259.     DENIES the allegations in Paragraph 259 of the Amended Complaint.

260.     DENIES the allegations in Paragraph 260 of the Amended Complaint.

261.     DENIES the allegations in Paragraph 261 of the Amended Complaint.

262.     DENIES the allegations in Paragraph 262 of the Amended Complaint.

263.     With respect to the allegations in Paragraph 263 of the Amended Complaint, Defendant states that the Code of Student Conduct speaks for itself and respectfully refers the Court to the Code for its contents.

264.     With respect to the allegations in Paragraph 264 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

265.     DENIES the allegations in Paragraph 265 of the Amended Complaint.

266.     DENIES the allegations in Paragraph 266 of the Amended Complaint.

267.     DENIES the allegations in Paragraph 267 of the Amended Complaint.

268.     DENIES the allegations in Paragraph 268 of the Amended Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

### Breach of Contract/Common Law: Denial of Basic Fairness/Arbitrary and Capricious Decision Making

269.     Defendant responds to the inclusive allegations of Paragraph 269 consistent with the responses set forth above.

3065047.1

270.    Paragraph 270 of the Amended Complaint contains a legal conclusion for which no response is required, but to the extent a response is required, Defendant DENIES the allegations in said paragraph.

271.    DENIES the allegations in Paragraph 271 of the Amended Complaint.

272.    DENIES the allegations in Paragraph 272 of the Amended Complaint.

273.    DENIES the allegations in Paragraph 273 of the Amended Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Estoppel and Reliance

274.    Defendant responds to the inclusive allegations of Paragraph 274 consistent with the responses set forth above.

275.    Paragraph 275 of the Amended Complaint contains a legal conclusion for which no response is required, but to the extent a response is required, Defendant DENIES the allegations in said paragraph.

276.    DENIES the allegations in Paragraph 276 of the Amended Complaint.

277.    DENIES the allegations in Paragraph 277 of the Amended Complaint.

278.    DENIES the allegations in Paragraph 278 of the Amended Complaint.

279.    DENIES the allegations in Paragraph 279 of the Amended Complaint.

280.    DENIES the allegations in Paragraph 280 of the Amended Complaint.

## AS AND FOR THE FIFTH CAUSE OF ACTION

### Violation of New York States Human Rights Law

281.    Defendant responds to the inclusive allegations of Paragraph 281 consistent with the responses set forth above.

3065047.1

282.     With respect to the allegations in Paragraph 282 of the Amended Complaint, ADMITS that the College is a corporation chartered by the Regents of the University of the State of New York, and DENIES the remaining allegations in said paragraph.

283.     With respect to the allegations in Paragraph 283 of the Amended Complaint, Defendant states that the referenced statute speaks for itself and respectfully refers the Court to the statute for its contents.

284.     With respect to the allegations in Paragraph 284 of the Amended Complaint, Defendant states that the Policy speaks for itself and respectfully refers the Court to the Policy for its contents.

285.     DENIES the allegations in Paragraph 285 of the Amended Complaint.

286.     DENIES the allegations in Paragraph 286 of the Amended Complaint.

287.     DENIES the allegations in Paragraph 287 of the Amended Complaint.

288.     DENIES the allegations in Paragraph 288 of the Amended Complaint.

289.     DENIES the allegations in Paragraph 289 of the Amended Complaint.

290.     DENIES the allegations in Paragraph 290 of the Amended Complaint.

291.     DENIES the allegations in Paragraph 291 of the Amended Complaint.

292.     Defendant DENIES each and every other allegation not specifically admitted or otherwise responded to above.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

293.     Plaintiff has failed to states any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

294.     To the extent any cause of action is based on events occurring outside the applicable statute of limitations, the cause of action is time-barred.

3065047.1

### THIRD DEFENSE

295.     Some or all of the causes of action and/or remedies and relief are barred due to Plaintiff's failure to timely commence an Article 78 proceeding.

### FOURTH DEFENSE

296.     The discrimination claims fail, as no action was taken against Plaintiff because of his gender and he was not treated unfairly due to his gender.  All actions were taken in good faith and for legitimate, non-discriminatory reasons.

### FIFTH DEFENSE

297.     The breach of contract cause of action is barred because the action taken was not arbitrary or capricious and the investigation and disciplinary action at issue were handled in substantial compliance with the College's policies and procedures.

### SIXTH DEFENSE

298.     The breach of covenant of good faith and fair dealing allegations fail for lack of such covenant and because all actions taken were in substantial compliance with the College's policies and procedures.

### SEVENTH DEFENSE

299.     Plaintiff's allegations of reliance fail because Plaintiff did not rely on any enforceable promise that the College failed to abide by and/or that would have resulted in a different outcome.

### EIGHTH DEFENSE

300.     Plaintiff did not suffer damages as a result of any act or omission of Hamilton.

### NINTH DEFENSE

301.     Some or all of Plaintiff's claimed damages are barred due to his failure to mitigate, if he did in fact incur damages.

3065047.1

## TENTH DEFENSE

302.    Plaintiff's claimed damages are speculative and uncertain and therefore are

barred.

## ELEVENTH DEFENSE

303.    Named defendant "Hamilton College Board of Trustees" is not a legal entity that

is capable of being sued, and accordingly, is improperly named as a defendant in the Amended

Complaint.



WHEREFORE, Defendant demands judgment dismissing the Amended Complaint in its

entirety, awarding it costs and disbursements, and granting other and further relief as the Court

may deem just and proper.


Dated:  December 29, 2017                    BOND, SCHOENECK & KING, PLLC


                                             By: _Suzanne Messer_____
                                                Jonathan B. Fellows (101628)
                                                Suzanne M. Messer (514398)
                                             Office and P.O. Address
                                             One Lincoln Center
                                             Syracuse, New York 13202-1355
                                             Telephone:  (315) 218-8000

                                             *Attorneys for Defendant The Board of*
                                             *Trustees of Hamilton College, named herein*
                                             *as Hamilton College and Hamilton College*
                                             *Board of Trustees*

3065047.1

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2017, I electronically filed the foregoing Answer to Amended Complaint with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

    Andrew T. Miltenberg, Esq.
    Tara J. Davis, Esq.
    Stuart Bernstein, Esq.
    Alexandra H. Deal, Esq.
    Nesenoff & Miltenberg, LLP
    363 Seventh Avenue, 5th Floor
    New York, NY 10001-3904
    E-mail: amiltenberg@nmllplaw.com
    E-mail: tdavis@nmllplaw.com
    E-mail: sbernstein@nmllplaw.com
    E-mail: adeal@nmllplaw.com

    *Attorneys for Plaintiff*

                                                    _____
                                                    Suzanne M. Messer

3065047.1